## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

ALBERT LEE THIELMAN,                )
ID # 23609-048,                     )
      Petitioner,             )
vs.                                 )     No. 3:08-CV-0290-P (BH)
                                    )         ECF
DAVID BERKEBILE,                    )   Referred to U.S. Magistrate Judge
      Respondent.             )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of Action

Petitioner, a prisoner currently incarcerated in the Federal Correctional Institution (FCI) located in Seagoville, Texas, brings this habeas action pursuant to 28 U.S.C. § 2241. David Berkebile, Warden of FCI Seagoville, is the proper respondent.

### B. Claims

Petitioner claims that the Bureau of Prisons (BOP) has categorically denied him placement in a halfway house or Community Correction Center (CCC),[1] and he specifically challenges 28 C.F.R. §§ 570.20 and 570.21 (the 2005 regulations) and Program Statement (PS) 7310.04 concerning such placement. (See generally Pet.) His petition raises two issues: (1) whether the 2005

---

[1] As of March 31, 2006, the BOP refers to halfway houses which were formerly titled "Community Corrections Centers" as "Residential Reentry Centers" (RRCs). Because much of the authority cited herein refers to halfway houses or CCCs, these terms will be used interchangeably with RRCs.

regulations violate 18 U.S.C. § 3621(b) and (2) whether the Program Statement violates that statute. (*Id.* at 15, 19.) The first issue essentially arises from this Court's prior invalidation of the 2005 regulations in *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091 (N.D. Tex. Mar. 28, 2007) (accepting findings and recommendation of Mag. J.). (*See* Pet. at 17.) As relief, petitioner specifically asks the Court to (1) invalidate the 2005 regulations, (2) invalidate PS 7310.04, and (3) order the BOP to immediately consider him for CCC placement by evaluating in good faith the requirements of § 3621(b). (*Id.* at 1-2, 22.)

In his answer to the petition, respondent argues that the instant petition is moot due the enactment of the Second Chance Act of 2007, Pub. L. No. 110-199 on April 9, 2008, and subsequent changes to the BOP's policies and procedures related to the issues raised herein. (*See generally* Answer.) He submits an April 18, 2008 affidavit from Marcella Anderson, Case Management Coordinator, in which she avers that although petitioner has not been reviewed for pre-release RRC placement, he will be reviewed for such placement consistent with the Second Chance Act "in the near future." (*See* Aff. Anderson, attached to App.)

Petitioner filed no reply to respondent's answer, but instead filed a motion for leave to file letter brief and request for expedited review. Contemporaneously with this recommendation, the Court has granted that motion to extent it seeks to supplement the briefing or petition with the matters contained in the brief attached to the motion. Consistent with that order, the Court will consider the supplemental brief as part of the record in this case. Within the brief, petitioner argues that his claims are not moot and that as part of the relief he seeks in this action, he wants expedited review under the Second Chance Act because respondent has given no indication when to expect a review for CCC placement despite an April 30, 2008 request for review. He attaches a response

2

he received to his April request which shows that respondent is applying the Second Chance Act, and has informed him that he "will be contacted by the Unit Team for [his] scheduled review."

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Furthermore, when a challenged regulation has been superceded by a new regulation, "the issue of the validity of the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam)). Fed. R. Civ. P. 12(h)(3) requires the federal courts to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

Through the Second Chance Act which became effective April 9, 2008, Congress amended 18 U.S.C. § 3624(c)(1) so as to increase the maximum time for pre-release CCC placement to twelve months and to require "the BOP to make placement decisions on an individual basis consistent with the criteria set forth in the statute." *Santos v. Berkebile*, No. 3:08-CV-0192-D, 2008 WL 2330920, at *2 n.3 (N.D. Tex. June 5, 2008) (accepting findings of Mag. J.). As amended, § 3624(c) now includes a subsection (6), which provides:

**(6) Issuance of regulations**.-- The Director of the Bureau of Prisons shall issue regu-

3

lations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is--

> (A) conducted in a matter consistent with section 3621(b) of this title;

> (B) determined on an individual basis; and

> (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

In response to the Second Chance Act, the BOP issued a memorandum to provide guidance for implementing the changes brought about by the Act. (*See* Mem. for Chief Exec. Officers at 1, attached to App.) The memorandum recognizes that the maximum time frame for pre-release RRC placement was increased to twelve months and that "[t]he Act requires that pre-release RRC placement decisions be made on an individual basis in every inmate's case, according to new criteria in the Act, as well as the criteria in 18 U.S.C. § 3621(b)." (*Id.* at 2.) It emphasizes that the 2005 regulations, 28 C.F.R. §§ 570.20 and 570.21, as well as "any previous guidance memorandums that were issued regarding those regulations" are inapplicable and must not be followed. (*Id.* at 2-3.) The memorandum directs staff to comply with PS 7310.04, except that staff must (1) disregard § 5 addressing statutory authority; (2) "review inmates for pre-release RRC placements earlier than provided in PS 7310.04" – more specifically, inmates must be reviewed for such "placements **17-19 months** before their projected release dates"; (3) individually consider each inmate for pre-release RRC placements using the criteria from § 3621(b); (4) "approach each individual inmate's assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release RRC placement"; and (5) obtain written approval from the Regional Director for pre-release RRC placement beyond six months. (*Id.* at 3-4.) The memorandum also specifically states that staff

"must not view" any criteria listed in PS 7310.04, "or any other policy, as <u>automatically</u> precluding an inmate's pre-release RRC placement." (*Id.* at 4.)

Petitioner in this case challenges regulations and a program statement (28 C.F.R. §§ 570.20, 570.21 and PS 7310.04) that "have been 'effectively erased' by the Second Chance Act." *See John v. Berkebile*, No. 3:08-CV-0267-L, unpub. findings at 4 (N.D. Tex. May 21, 2008) (findings and recommendation of Mag. J. not yet accepted by District Court). Since the enactment of the Second Chance Act, the BOP no longer follows the 2005 regulations or the relevant provisions of PS 7310.04. *Id.* The Second Chance Act has changed the legal landscape in such a manner as to render moot petitioner's challenges to sections 570.20 and 570.21 and PS 7310.04.

Although petitioner asserts in his supplemental brief that his claims are not moot, he provides no basis for finding a live issue in this case. The response received with respect to his April 2008 request for CCC placement indicates that he will be contacted by the Unit Team for a scheduled review. The Anderson affidavit indicates that he will be reviewed in the near future. Nothing before the Court shows a live issue. Because petitioner's challenges are moot due to changed circumstances resulting from the enactment of the Second Chance Act, there is no need to address other arguments of the parties.[2]

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the

---

[2] The Court notes, however, that it has previously rejected respondent's argument that § 2241 provides no jurisdictional basis for this action because petitioner is challenging where he should serve his sentence, not the fact or duration of his custody. *See, e.g., Bell v. Berkebile*, No. 3:07-CV-1067-B, 2007 WL 3333196, *1-2 (N.D. Tex. Nov. 9, 2007) (findings, conclusions, and recommendation accepted by District Court); *Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *3-4 (N.D. Tex. March 28, 2007) (same). Accordingly, petitioner has properly invoked § 2241 as a basis for this action.

District Court **DISMISS** the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C.

§ 2241 for lack of jurisdiction.

      **SIGNED this 23rd day of June, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE